OPINION *Page 2 
{¶ 1} Defendant-appellant Robert J. Griffin appeals the March 28, 2007 Judgment Entry of the Licking County Municipal Court granting summary judgment in favor of Plaintiff-appellee Kemba Financial Credit Union.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 2, 1992, Appellant executed a Loanliner Note and Disclosure Statement (hereinafter "Note"), held by Kemba Financial C.U. (hereinafter "Kemba"). Appellant's 1992 Hyundai Elentra served as security on the note.
 {¶ 3} Appellant defaulted on the note by failing to make the required payments. As a result, Appellee exercised its right to repossess the vehicle and accelerate the balance due and owing.
 {¶ 4} Appellant requested Kemba transfer him the vehicle's title, in order for his father-in-law to sell the vehicle along with four other cars. Appellant told Kemba, even if the vehicle was sold at a loss, his father-in-law would give the money received from the sale of all the vehicles to Appellant to pay the money due and owing to Kemba. Kemba declined the offer, stating the father-in-law, a third party, was not legally bound to pay, nor was there any guarantee the third party would pay the debt owed to Kemba. Appellant then suggested Kemba send a title clerk to the dealership with the title in order to collect the money from the sale. Kemba declined citing the contract between the parties specifically illustrating the procedure in the event of default.
 {¶ 5} Appellant turned the vehicle over to Kemba. *Page 3 
 {¶ 6} On September 20, 1994, Kemba sent a letter to Appellant detailing the public sale of the vehicle. On October 12, 2004, Kemba sent Appellant a deficiency balance letter. The vehicle was sold at public sale for the total amount of $3,800.00.
 {¶ 7} On May 2, 2006, Kemba filed a complaint in the Licking County Municipal Court seeking the principal sum of $6,973.00, plus interest accrued in the additional amount of $7,195.06 through April 6, 2006, plus interest thereafter at a rate of 8.990% per annum and costs.
 {¶ 8} On November 13, 2006, Kemba filed a motion for summary judgment. Appellant responded to the motion claiming Kemba failed to mitigate its damages. Kemba filed a supplemental motion for summary judgment, to which Appellant filed a memorandum contra. Via Judgment Entry of March 28, 2007, the trial court granted Kemba's motion for summary judgment, and entered judgment accordingly.
 {¶ 9} Appellant now appeals, assigning as error:
 {¶ 10} "I. THE COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT SINCE THE APPELLEE WAS REQUIRED TO MINIMIZE ITS DAMAGES AND FAILED TO DO SO CAUSING AN ISSUE OF FACT AND LAW TO BE IN CONTROVERSY, WHICH WOULD PREVENT THE COURT FROM GRANTING SUMMARY JUDGMENT UNDER CIVIL RULE 56."
 {¶ 11} Appellant maintains the trial court erred in granting summary judgment in as Kemba failed to minimize the damages incurred pursuant to the terms of the parties' contract.
 {¶ 12} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same *Page 4 
standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 13} Civil Rule 56(C) states:
 {¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 15} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 16} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahilla v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 17} The purpose of a security agreement is to specify the necessary terms and conditions of the parties' agreement. Saba v. Fifth Third Bankof N.W. Ohio 2002-Ohio-4658. If an agreement is clear and unambiguous, the court need not go beyond *Page 5 
the plain language of the agreement to determine the parties' rights and obligations. The court must instead give effect to the agreement's express terms. Fulz Thatcher v. Burrows 2006-Ohio-7041. A contract does not become ambiguous because its undertaking may cause a hardship upon one party. Id.
 {¶ 18} The security note at issue in this case provides, in pertinent part:
 {¶ 19} "OWNERSHIP OF THE PROPERTY-You promise that you own the property, or if this loan is to buy the property, you promise you will use the loan for that purpose . . . You promise not to sell or lease the property or to use it as security for a loan with another creditor until your loan with the credit union is repaid . . ."
 {¶ 20} * * *
 {¶ 21} "WHAT HAPPENS IF YOU ARE IN DEFAULT-When you are in default, the credit union can, without advance notice to you, require immediate payment of what you owe on the loan and take possession of the property. You agree the credit union has the right to take possession of the property without going to court and without giving you advance notice. If you are asked to do so by the credit union, you promise to deliver the property at a time and place the credit union chooses. The credit union will not be responsible for any of your other property, not covered by this agreement, that you leave inside the property. The credit union will try to return that property to you or make it available for you to claim.
 {¶ 22} "After the credit union has possession of the property, it can sell it and apply the money received to any amounts you owe the credit union. * * *"
 {¶ 23} Upon review of the record and the agreement of the parties, when viewed in a light most favorable to Appellant, there is no genuine issue of material fact *Page 6 
remaining for the trier of fact, and reasonable minds can come to but one conclusion in favor of Appellee Kemba. The note at issue clearly provides the rights and obligations of the parties' in the event of default. Kemba was not obligated to release its lien on the vehicle until the note was paid in full. Appellant did not provide Kemba with a guarantee of a third-party assuming the debt owed and Kemba was not required to surrender title to the vehicle under the terms of the agreement absent full payment. Though Appellee was required to mitigate its damages under the terms of the agreement, it was not required to accept the promise made to Appellant by a third party to satisfy that duty to mitigate.
 {¶ 24} The March 28, 2007 Judgment Entry of the Licking County Municipal Court is affirmed.
 Hoffman, J., Gwin, P.J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the March 28, 2007 Judgment Entry of the Licking County Municipal Court is affirmed. Costs assessed to appellant. *Page 1